# IN THE DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIE RILEY,<br>    Plaintiff | )<br>)<br>)    Civil Action No.|
| v. | )<br>)    ELECTRONICALLY FILED |
| HOT TOPIC, INC., t/d/b/a<br>TORRID,<br>    Defendant | )<br>)<br>) |

## COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff by her attorney, Lawrence R. Chaban, Esquire, and as a cause of action against the Defendant complains and alleges as follows:

1. The Plaintiff, Christie Riley, is an adult individual and currently resides at 2805 Clinton Street, White Oak, Allegheny County, Pennsylvania.

2. The Defendant, Hot Topic, Inc., t/d/b/a Torrid, is a retail corporation with its main offices at 18305 East San Jose Avenue, City of Industry, California, and conducts extensive business in the Commonwealth of Pennsylvania by maintaining retail outlets throughout the Commonwealth including one at 3075 Clairton Road, Pittsburgh, Allegheny County, Pennsylvania.

3. The Plaintiff was hired by the Defendant as an assistant store manager on November 8, 1999 for the retail store at 3075 Clairton Road, Pittsburgh, Allegheny County, Pennsylvania.

4. In the summer 2003, the Plaintiff advised store manager, Amy Kissel, that the Plaintiff was pregnant and her child was due in January 2004.

5. When advised of the pregnancy of the Plaintiff, Ms. Kissel became visibly upset and complained to the Plaintiff about the due date interfering with some future

training of Ms. Kissel, the holiday sales season at the end of the year and suggest to the Plaintiff that she have an abortion to relieve those "problems" identified by Ms. Kissel.

6. Subsequent to advising Ms. Kissel of the pregnancy, Ms. Kissel went to other staffers in the store making the same complaints about the pregnancy of the Plaintiff.

7. As a result of the hostile and discriminatory attitude of Ms. Kissel, the Plaintiff complained to Renee Jacobs, the district manager, about the attitude of Ms. Kissel.

8. Ms. Jacobs claimed that she would take care of the problem and talked to Ms. Kissel about it, but there was no change in the attitude of Ms. Kissel.

9. The Plaintiff also complained to Kristi Agosta, human resources representative, about the problems with Ms. Kissel but was just referred back to Ms. Jacobs without any steps being taken by Ms. Agosta.

10. In last October 2003, the Plaintiff was again confronted by Ms. Kissel who told the Plaintiff she wanted her out of the store by December 1, 2003 as the pregnancy of the Plaintiff would interfere with holiday scheduling.

11. The Plaintiff was eventually required due to complications in her pregnancy to take a leave of absence from employment beginning November 8, 2003.

12. Within six day of going on her leave of absence, the Plaintiff was permanently replaced by Misty Orf, a non-pregnant female.

13. When the Plaintiff found out about her being permanently replaced she contacted Ms. Agosta who told her not to worry about being replaced while off on pregnancy leave.

14. The Plaintiff delivered her child by caesarian section on January 31, 2004.

15. The policy of the Defendant was to provide six (6) weeks of leave following a delivery of a child.

16. The Plaintiff arranged for her final examination with her treating physician to meet the leave requirement of the Defendant.

17. The Plaintiff was advised by Jodi Blanchard, a human resources representative, in February 2004 that if she did not return to work by March 1, 2004 the employment of the Plaintiff with the Defendant would be terminated.

18. As the Plaintiff would not be able to be released for return to work until the end of the six (6) week leave period provided by the policy of the Defendant she was unable to return to work within the time set by Ms. Blanchard.

19. Having not returned to work by March 1, 2004 the employment of the Plaintiff was terminated by the Defendant.

20. The action of the Defendant differed on the basis of sex from that of similarly situated employees, either male or female, who were not pregnant.

**COUNT I**
**Title VII - Pregnancy Discrimination**

21. Paragraphs one through twenty are incorporated herein by reference.

22. This Honorable Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1343(4) and 42 U.S.C. §2000e-5(f) seeking relief against pregnancy discrimination in employment.

23. Venue is proper in this District under 28 U.S.C. §1391(b) and (e), and 42 U.S.C. §2000e-5(f)(3) as the actions and unlawful employment practices alleged herein were committed in the Western District of Pennsylvania.

24. The Plaintiff filed a timely charge of discrimination with the Pennsylvania Human Relations Commission in March 2004 which was cross filed with the Equal Employment Opportunity Commission.

25. The EEOC issued a Dismissal and Notice of Rights on February 9, 2006 and this civil action has been filed within ninety (90) days of receipt of that Notice.

26. The discrimination against the Plaintiff by the Defendant was a willful violation of Title VII of the Civil Rights Act of 1964, as amended.

27. The Defendant engaged in its discriminatory actions described above with malice, or with reckless indifference to Plaintiff's legal rights. The Plaintiff is therefore entitled to punitive damages.

28. Plaintiff has been damaged as a result of unlawful conduct of the Defendant. As a direct and proximate result of conduct of the Defendant, Plaintiff has suffered, continues to suffer, and will in the future suffer great humiliation, distress, embarrassment, inconvenience, mental anguish, pain, suffering, injury and damages, including damage to her reputation and good will, loss of income, loss of employment, loss of employee benefits, litigation expense including attorney's fees, and,

consequential damages including the loss of employment opportunities, business and development opportunities, and other injury.

WHEREFORE, the Plaintiff demands that judgment be entered in her favor, and against the Defendant as follows:

    a.    Award the Plaintiff compensatory damages in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00), plus back pay and benefits;

    b.    Award the Plaintiff punitive damages in the amount of the greater of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) or 5% of the Defendant for the period of time that the Defendant has engaged in discriminatory conduct against plaintiff where such relief is sought and the facts alleged support such relief;

    c.    Award the Plaintiff appropriate injunctive relief, including but not limited to reinstatement to her position of assistant store manager she held before the illegal acts of the Defendant;

    d.    Award the Plaintiff incidental and consequential damages, actual attorney's fees and costs of this action, including expert witness fees; and

    e.    Award the Plaintiff such other and further relief as may be appropriate under the circumstances.

**TRIAL BY JURY IS DEMANDED**

## COUNT II
### Pennsylvania Human Relations Act - Pregnancy Discrimination

29. Paragraphs one through twenty-eight are incorporated herein by reference.

30. This Honorable Court has jurisdiction of this count based on pendant jurisdiction of a state cause of action that arises out of the same core of operative facts.

31. The illegal actions of the Defendant are in violation of Section 5 of the Pennsylvania Human Relations Act, Pa. Stat. Ann. tit. 43, §955.

WHEREFORE, the Plaintiff demands that judgment be entered in her favor, and against the Defendant as follows:

    a. Immediately assign Plaintiff to the job that she would now be occupying but for the discriminatory practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to that level which she would be enjoying but for the discriminatory practices of Defendant;

    b. Compensate and make whole Plaintiff for all earnings, wages, and other benefits she would have received but for the discriminatory practices of Defendant;

    c. Award compensatory damages to the Plaintiff for her great humiliation, distress, embarrassment, inconvenience, mental anguish, pain and suffering; and

    d.    Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees.

Respectfully submitted,

/s/ Lawrence R. Chaban
**LAWRENCE R. CHABAN, ESQUIRE**
On behalf of the Plaintiff, Christie Riley
PA I.D. No. 32506
310 Grant Street
825 Grant Building
Pittsburgh, PA 15219
(412) 434-7790